**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JIN-CHUAN WANG

       Plaintiff,

vs.                                 NO. 11-CV-164 WJ/KBM

RAMONA SCHUENEMEYER,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court, *sua sponte,* under FED. R. CIV. P. 12(b)(6) for failure to state a claim.  After considering the Complaint in the light most favorable to pro se Plaintiff Jin-Chuan Wang, and the relevant law, I conclude that the Complaint should be dismissed, but that Wang shall have thirty (30) days from the date of this Order to amend her Complaint in accordance with the analysis herein or to hire counsel who shall within that thirty (30) day period enter an appearance on her behalf and who shall then promptly file an intelligible amended Complaint setting forth Wang's cause of action.

**BACKGROUND**

Wang filed her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on February 17, 2011 against Defendant Ramona Schuenemeyer, Regional Commissioner of the Social Security Administration, in Dallas, Texas.  *See* Docs. 1 & 4.  A proof of service was filed on April 26, 2011. No answer was filed by Schuenemeyer.

In the Complaint, Wang asserts that "Ramonal [sic] used authority of office to insist to persecute for we.  She make my husband pass away and make me to be mired now."  Doc. 1 at 1.

1

Wang states that her cause of action is criminal in nature because Schuenemeyer purposely caused injury. *See id.* at 2. Wang contends that the Social Security Administration sends a yearly statement to those who paid social security tax and that her husband worked ten years and paid social security tax, *see id.* at 3, but "we not got SSA statement from 2002 to 2008." *Id.* at 4. Wang outlines different issues that she has with certain records, including the calculation of tax credits for years 2002, 2003, 2007 and 2008, property rebates, social security hospital insurance benefits, and medicare, among others.[1] *See id.* at 3. Wang states that the SSA Wilkes-Barre Data Operations Center, who she contacted three times, provided no solution "because Defendant Ramona to dominate Mrs. Jenny (tax preparer's [sic] SSN or (illegible) Made the wrong on taxes reco[rd]." *Id.* at 4. She states "I disagree decision for my husban[d]'s credits and social security benefit." *Id.* She filed a claim and "Administrative Law Judge John R. Morris dismiss[ed her] hearing rights . . . was unlegally." *Id.* Wang consulted the IRS who "mail[ed] to [her] a false check and wrote: "we can not approve your claim and have closed our filed . . ." *Id.* Wang asserts "Defendant to dominate Sam's Club the pharmacy Mrs. Joyce. To reach the purpose of persecute." *See id.* at 5. In her supporting facts Wang makes statements about Ms. Joyce and further states that "in 2010 Defendant Ramona change H1 become H4 make me" and "in 2011 Defendant gave me Document: in accordance with 12(illegible) income don't give me extra help." *Id.* at 5.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. The court may dismiss a complaint *sua sponte* under FED. R. CIV. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

---

[1] It is unclear to whose tax records Wang is referring: her's, her husband's or their joint return.

allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), *quoting McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). "[T]he legal sufficiency of a complaint is a question of law." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). The court only considers the allegations contained in the complaint and not other documents or information. *See Davis ex re. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2002). To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937, 1940 (2009), *citing Twombly*, 550 U.S. at 556. The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). The complaint need not recite detailed factual allegations, but the factual allegations must be sufficient to raise the right to relief above a speculative level. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

A pro se litigant, who is not an attorney, cannot represent other pro se parties. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). Additionally, Federal Rule of Civil Procedure 11(a) requires that every filed document "must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." A purpose behind Rule 11(a)'s requirement that pro se parties must sign their pleadings is " 'to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citations omitted).

## DISCUSSION

Because Wang proceeds pro se, the Court liberally construes her Complaint. She is still required, however, to make factual allegations to establish plausibility. She brings her claim under 42 U.S.C. § 1983. "The core inquiry under any § 1983 action . . . is whether the plaintiff has alleged an actionable constitutional violation" by a state actor. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007). Wang's Complaint does not mention any provision of the United States Constitution. Wang does not allege any specific acts that were performed by Schuenemeyer, other than that she changed H1 to H4. Wang does not allege any acts that were specifically performed by Schuenemeyer in violation of the Wang's constitutional rights. Wang has not alleged facts to show violation of a constitutional right by a state actor. Wang's Complaint is bereft of sufficient facts to state a viable § 1983 claim.

It appears in part that Wang is attempting to raise claims on behalf of her deceased husband or based on injuries her husband incurred. His estate is not named as a Plaintiff, however, and, therefore, claims with regard to his rights or entitlements cannot be resolved by this case. Moreover, Wang as a pro se litigant is not empowered to represent, or to bring suit on behalf of, other

4

individuals or entities.

Further, it appears that Wang may be attempting to appeal the denial of Social Security benefits, but, again, insufficient facts have been provided to sustain such an administrative appeal.

The Complaint does not provide enough facts upon which to base a recognized legal claim against Schuenemeyer, the only named Defendant. But, because the Court has been able to glean from the facts alleged, a possible claim by Wang, and particularly recognizing her lack of proficiency in the English language, the Court will allow Wang thirty (30) days from the date this Order is filed to either amend her Complaint to state an intelligible cause of action or to hire counsel to enter an appearance on her behalf and file an intelligible amended Complaint.

**IT IS ORDERED** that Plaintiff Jin-Chuan Wang's Complaint will be dismissed unless within thirty (30) days of the filing of this Order she files an amended Complaint that conforms to the analysis above or hires counsel who shall enter an appearance on her behalf within that thirty (30) day period and who shall then promptly file an intelligible amended Complaint setting forth Wang's cause of action.

_____

UNITED STATES DISTRICT JUDGE