# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JIN-CHUAN WANG

      Plaintiff,

vs.                                                        NO. 11-CV-164 WJ/KBM

RAMONA SCHUENEMEYER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Jin-Chuan Wang's *Motion to amend the docket for document information's contents and number's sequence. and to withdraw "order["] of dismissed by Clerk's office of Court and judge William P. Johnson. To move forward of my case, To go to the trial*. (Doc. 9), filed September 28, 2001.  On August 31, 2011, the Court, *sua sponte*, dismissed  Plaintiff Jin-Chuan Wang's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedures with the caveat that she could continue her cause of action if "within ten (10) days of the filing of this Order she files an amended Complaint that conforms to the analysis above or hires counsel who shall enter an appearance on her behalf within that ten (10) day period and who shall then promptly file an intelligible amended Complaint setting forth Wang's cause of action." Doc. 9 at 5.  The only document that Wang filed since the date of the Order is the motion to amend, which will be denied.  *See* Doc. 8.

The first six pages of Wang's motion contain her preference for restructuring and rewording the docket entries.  *See* Doc. 9 at 1-6.  The content of the documents cited in the docket, not the wording of the docket entries, is of importance in the Court.  The docket, regardless of how it is

worded, does not affect the Court's decision to dismiss Wang's Complaint. Wang's issues with the docket certainly do not constitute any part of an intelligible amended Complaint as described in the August 31, 2011 Order.

In the second part of her motion to amend, Wang objects to the Court's decision to dismiss and includes questions on the meaning of the Order. *See id.* ¶ 2.1, at 6 ("what mean?"); ¶ 2.2, at 7 ("this evidence [sic] is ture [sic]? is could prevail? or is enough?;" "Make me don't understand my state fact is No ture [sic]? Is fact could not prevail? Is fact not enough? or is badly written?"). Wang also states "I don't know how amend my Complaint." *Id.* ¶ 4, at 8. The Court may not serve as an advocate for a pro-se litigant, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the Court has provided Wang with the opportunity to seek and obtain counsel. Without providing any reason, Wang stated in her motion "I am not able to look for person of help me." *See* Doc. 9 at 9. Clearly Wang does not understand the legal process or the effects of the Court's actions; she should obtain assistance if she wants to bring a cause of action in the courts. The Court cannot represent her in this matter.

Much of the second part of Wang's motion to amend is also unintelligible. "If the court can reasonably read the pleadings to state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d at 1110. Such is not the case with Wang's document. In addition to not complying with the Order, her wording is outright unclear and incomprehensible. One example of a meaningless statement Wang makes is:

> because last two sentence isn't the pleading. "service" and "answer" hasn't "for summons" of attribute to restrict. they aren't pleading of summons. so background same with: ; docket of my case. (only complaint filed).  the purpose is to made

> dismissed my complaint legalize.

Doc. 9 ¶ 3, at 7.  Another is:

> though Complaint had not "constitution" word, but it had to quote government's rules. those rules is accordance with state laws made. "state laws must agree with the U.S. Coustitution [sic]."  therefore, those rules is the U.S. constitution's specific enforces.  Violation by rules equal violation u.s. constitution.

*Id.* ¶ 5(a), at 8.  Wang has clearly failed to file an intelligible amended Complaint or to hire counsel to assist her with the process.  She has not fulfilled the requirements of the Order and her Complaint is dismissed per the Order of August 31, 2011.  *See* Doc. 8.

Plaintiff Jin-Chuan Wang's *Motion to amend the docket for document information's contents and number's sequence. and to withdraw "order["] of dismissed by Clerk's office of Court and judge William P. Johnson. To move forward of my case, To go to the trial*. (Doc. 9) is denied.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE